[Cite as *Alfson v. Ohio Dept. of Transp.*, 2010-Ohio-5220.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DENNIS ALFSON

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-03274-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Dennis Alfson, filed this action against defendant, Department of Transportation (ODOT), contending that his truck was damaged as a proximate cause of negligence on the part of ODOT in maintaining an Interstate 75 bridge spanning the Ohio Turnpike in Wood County. Plaintiff explained that he was traveling on the Ohio Turnpike on November 8, 2009, "about noon" and as his truck passed under "the Ohio Turnpike, Route 80" overpass bridge (Interstate 75), a "chunk of concrete" spalled from the bridge striking the front of his truck causing extensive damage to the vehicle. Plaintiff seeks damage recovery in the amount of $2,500.00 the statutory maximum allowed under R.C. 2743.10. Plaintiff submitted an estimate for truck repair in the amount of $2,741.90. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge with the overpass bridge spanning the Ohio Turnpike or Interstate 80 prior to plaintiff's damage event. Defendant related that ODOT records at the "district office in Wood County show no reports of falling debris prior to plaintiff's incident." Defendant further related that "the evidence suggests the damage (to

plaintiff's vehicle) was not caused by debris from the bridge." Defendant acknowledged that plaintiff called the local ODOT office on November 12, 2009 and an ODOT employee was dispatched to the bridge site to investigate the matter of bridge spalling. Defendant submitted a copy of an e-mail from ODOT employee, Herman L. Munn, who inspected the Interstate 75 bridges on November 12, 2009. Munn wrote, "I check I-80/90 WB overpass under I-75 all three bridges, (I) did not see any significant spallings that could have fell off bridge."

{¶ 3} Defendant submitted two photographs (taken April 13, 2010) depicting the bridge in question. One photograph depicts the bridge deck under Interstate 75 spanning westbound Interstate 80. Defendant observed this photograph does not show any spalling or cracking on the depicted bridge deck. The trier of fact did not find any deck deterioration depicted in reviewing the photograph. Defendant pointed out the second photograph "shows some debris on the eastbound direction of I-80 and plaintiff was traveling in the westbound direction of I-80." After reviewing this photograph, the trier of fact finds the multiple debris shown on the eastbound shoulder of Interstate 80, in all probability emanated from spalling on the overpass bridge structure. Furthermore, the trier of fact finds that the debris depicted could have emanated from the bridge structure in the westbound lanes and then been propelled into the eastbound shoulder area.

{¶ 4} Defendant asserted that plaintiff failed to produce evidence to prove his property damage was proximately caused by negligent maintenance on the part of ODOT. Defendant advised that ODOT "maintains an active maintenance history for I-75 and there were eighty-two (82) maintenance repairs in the northbound and southbound direction of I-75 in the past six months before plaintiff's incident." Defendant noted that none of the maintenance activities "revealed any problems with the overpass." Defendant contended that plaintiff failed to prove his property damage was attributable to conduct on the part of ODOT personnel.

{¶ 5} Plaintiff filed a response pointing out that the submitted photograph "showed that concrete from this bridge is spalling." Although plaintiff acknowledged that the spalling debris was in the opposite lane of travel he argued, "it is reasonable to assume the bridge would have the same problems on each lane of travel." Plaintiff further argued that since defendant conducted eighty-two maintenance operations in the

vicinity of his incident during the preceding six months ODOT personnel "should have noticed the condition (of the overpass bridge) prior to the incident." Plaintiff contended that defendant was negligent in not correcting a known dangerous condition prior to the November 8, 2009 damage event.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. The trier of fact is precluded from making an inference of

defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. However, proof of notice of a dangerous condition is not necessary when defendant's own personnel passively or actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

{¶ 9} Ordinarily, in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The evidence points to the conclusion that plaintiff's damage was proximately caused by negligent bridge maintenance.

{¶ 10} This court has previously held ODOT liable for property damage resulting from falling debris. *Elsey v. Dept. of Transportation* (1989), 89-05775-AD. Plaintiff has proven, by a preponderance of the evidence, that he sustained property damage as a result of defendant's negligence regarding bridge maintenance. *Brickner v. ODOT* (1999), 99-10828-AD; *Rini v. ODOT* (1997), 97-05649-AD, *McTear v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2008-09139-AD, 2008-Ohio-7118.

{¶ 11} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing debris are persuasive. Consequently, defendant is liable to plaintiff for the damage claimed, $2,500.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DENNIS ALFSON

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-03274-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE
DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,525.00, which includes the filing fee. Court costs are assessed against defendant.

MILES C. DURFEY
Clerk

Entry cc:

Scot A. Stevenson                  Jolene M. Molitoris, Director

441 Wolf Ledges Parkway #400  
Akron, Ohio  44311

Department of Transportation  
1980 West Broad Street  
Columbus, Ohio  43223

RDK/laa  
6/3  
Filed 6/21/10  
Sent to S.C. reporter 10/22/10