[Cite as *Franklin v. Dept. of Transp.*, 2011-Ohio-1113.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAROLYN FRANKLIN

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-08811-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Carolyn Franklin, filed this action against defendant, Department of Transportation (ODOT), contending her car was damaged as a proximate cause of negligence on the part of ODOT in maintaining a bridge spanning Northfield Road (State Route 8) in Cuyahoga County. In her complaint, plaintiff provided a description of her damage incident noting: "I was driving Southbound on Northfield Road when a piece of the bridge fell on the hood of my car it was a concrete piece of rock." According to plaintiff, the falling debris damaged both the hood and windshield of her car. Plaintiff related, "I was able to get it (the damage-causing debris) because it stay on the windshield" of her vehicle. Plaintiff did not provide any demonstrative evidence depicting the damage-causing debris. Plaintiff recalled her described incident occurred on June 4, 2010 at approximately 8:45 p.m. Plaintiff requested damages in the amount of $937.54, the stated cost of repairing her automobile. No repair estimates were filed with the complaint. The filing fee was paid.

{¶ 2} Defendant conducted an investigation and determined the described damage incident occurred "between mileposts 5.18 to 5.00 on SR 8 in Cuyahoga County. Defendant contended, "ODOT denied receiving any prior calls or complaints

regarding debris falling from any bridge spanning State Route 8." Furthermore, defendant related, "there is no evidence the debris actually came from the bridge." Plaintiff, in her complaint, wrote "a piece of the bridge fell on the hood of my car." Conversely, defendant contended "the evidence suggests the damage (to plaintiff's car) was not caused by debris from the bridge." Defendant asserted, "[p]laintiff does not identify the debris that fell onto her hood when she passed under the bridges on SR 8 before I-480." In her complaint, plaintiff noted, "a concrete piece of rock" from the bridge structure fell and struck the hood of her vehicle. Defendant explained two bridges spanning State Route 8 at milepost 5.08 and 5.06 were inspected on March 3, 2009; some fifteen months prior to the incident forming the basis of this claim. Defendant advised the submitted inspection reports "mention a very small percentage of declamations." The submitted inspection reports in fact mention "minor declamations" on the bridges as well as "cracks," "spalls," and "debris" on both bridges. Defendant denied the falling piece of concrete that damaged plaintiff's car emanated from any bridge spanning State Route 8.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to an issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. The court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976),

49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 5}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. However, proof of notice of a dangerous condition is not necessary when defendant's own personnel passively or actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

**{¶ 6}** Ordinarily, in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The evidence points to the conclusion that plaintiff's damage was proximately caused by negligent bridge maintenance.

**{¶ 7}** This court has previously held ODOT liable for property damage resulting from falling debris. *Elsey v. Dept. of Transportation* (1989), 89-05775-AD; *Alfson .v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-03274-AD, 2010-Ohio-5220. Plaintiff has proven, by a preponderance of the evidence, that she sustained property damage as a result of defendant's negligence regarding bridge maintenance. *Brickner v. ODOT* (1999), 99-10828-AD; *Rini v. ODOT* (1997), 97-05649-AD; *McTear v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2008-09139-AD, 2008-Ohio-7118.

**{¶ 8}** The credibility of witnesses and the weight attributable to their testimony

are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing debris are persuasive. *Alfson.* Consequently, defendant is liable to plaintiff for the damage claimed, $937.54, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAROLYN FRANKLIN

 Plaintiff

 v.

DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2010-08811-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

 Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of plaintiff in the amount of $962.54, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Carolyn Franklin                    Jolene M. Molitoris, Director
4509 Longleaf                       Department of Transportation
Warrensville Hts., Ohio  44128      1980 West Broad Street
                                    Columbus, Ohio  43223

RDK/laa
12/15
Filed 1/7/11
Sent to S.C. reporter 3/4/11