[Cite as *Green v. Ohio Dept. of Transp.*, 2011-Ohio-6995.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PHILLIP E. GREEN, JR.

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-07630-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶ 1}  Plaintiff, Phillip Green Jr., filed this action against defendant, Department of Transportation (ODOT), contending his car was damaged when a piece of concrete fell from an overhead ramp and hit the hood of his car.  Plaintiff claims that ODOT was negligent in its maintenance of the Harrison Road ramp off of Interstate 75, and that ODOT's negligence proximately caused the damage to his vehicle.  In his complaint, plaintiff provided a description of his damage incident noting:  "I got on the highway at the Harrison St. on ramp going 75 north.  As I passed under the off ramp of Harrison St. 75 north concrete from the ramp hit the hood of my car.  Got out of the car looked for object that hit my car and found a piece of concrete painted the same color of the ramp."  Plaintiff did not include with the complaint any demonstrative evidence depicting the damage-causing debris.  Plaintiff recalled his described incident occurred on March 21, 2011 at approximately 3:00 a.m.  Plaintiff requested damages in the amount of $987.17, the stated cost of repairing his automobile.  The filing fee was paid.

{¶ 2}  Defendant conducted an investigation and determined the described

damage incident occurred "when (plaintiff) passed under the overpass of the Western Hills Viaduct" where the ramp loops back "at approximately milepost 2.52 on I-75 in Hamilton County." Defendant contended, "ODOT did not receive any reports of debris prior to March 21, 2011." Furthermore, defendant related, "the evidence suggests the damage (to plaintiff's car) was not caused by debris from the bridge." Defendant asserted the overpass at milepost 2.52 "was inspected on November 19, 2010 and reviewed on February 11, 2011, which is a month before Mr. Green's complaint. The inspection report does not indicate any falling debris from the structure." Defendant denied the falling piece of concrete that damaged plaintiff's car was caused by any negligent overpass maintenance.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to an issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. The court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Plaintiff filed a response asserting that defendant's location of the incident was mistaken. Plaintiff insisted that the concrete did not fall from the area identified as the Western Hills Viaduct, but rather from the Harrison Street off ramp. Plaintiff also submitted several photographs depicting the chunks of concrete that hit his car, other pieces of concrete located on the ground under the ramp, and areas of deterioration forming along sections underneath the ramp where the concrete abuts a linear metal support and brace.

{¶ 5} On August 25, 2011, defendant filed a document in response to plaintiff's latest filing. Defendant acknowledged that the location described by plaintiff matches the location that ODOT inspected on November 22, 2010. In addition, defendant submitted a written description documenting the inspector's observations from that inspection. The inspector noted the deck showed evidence of minor cracking and that the "rear edge has spalling with exposed resteel @ both hinges * * * small shallow spalls along left expansion joint steel." In addition, the inspection of the substructure also revealed small, shallow areas of spalling.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. However, proof of notice of a dangerous condition is not necessary when defendant's own personnel passively or actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

{¶ 8} Ordinarily, in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department*

*of Transportation* (1976), 75-0287-AD. The evidence points to the conclusion that plaintiff's damage was proximately caused by negligent bridge maintenance.

{¶ 9} This court has previously held ODOT liable for property damage resulting from falling debris. *Elsey v. Dept. of Transportation* (1989), 89-05775-AD; *Alfson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-03274-AD, 2010-Ohio-5220; *Franklin v. Dept. of Transp.*, Ct. of Cl. No. 2010-08811-AD, 2011-Ohio-1113.

{¶ 10} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing debris are persuasive. Plaintiff has proven, by a preponderance of the evidence, that he sustained property damage as a result of defendant's negligence regarding bridge maintenance. *Brickner v. ODOT* (1999), 99-10828-AD; *Rini v. ODOT* (1997), 97-05649-AD; *McTear v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2008-09139-AD, 2008-Ohio-7118; see also *Franklin*. Consequently, defendant is liable to plaintiff for the damage claimed, $987.17, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PHILLIP E. GREEN, JR.

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-07630-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,012.17, which includes the filing fee. Court costs are assessed against defendant.

        DANIEL R. BORCHERT
        Deputy Clerk

Entry cc:

Phillip E. Green, Jr.　　　　　Jerry Wray, Director
2704 E. Towers Dr. #312　　　Department of Transportation
Cincinnati, Ohio  45238　　　1980 West Broad Street
　　　　　　　　　　　　　　Columbus, Ohio  43223

9/27
Filed 10/4/11
Sent to S.C. reporter 2/16/12